**FITAPELLI & SCHAFFER, LLP**
Brian S. Schaffer
Jeffrey H. Dorfman
28 Liberty Street, 25th Floor
New York, New York 10005
Telephone: (212) 300-0375

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DARLENE FESCE,<br><br>**Plaintiff**,<br><br>-against-<br><br>RIVER MANOR CORP. d/b/a ATRIUM CENTER FOR REHABILITATION AND NURSING, NEW BRIGHTON MANOR MANAGEMENT INC., RIVER MANOR CARE CENTER INC., STATEN ISLAND CARE CENTER, LLC, NEW BRIGHTON MANOR, L.L.C., and CONSTANCE LEIFER,<br><br>**Defendants.** | **COMPLAINT** |

Plaintiff Darlene Fesce ("Plaintiff" or "Fesce"), upon personal knowledge as to herself, and upon information and belief as to other matters, alleges as follows:

**NATURE OF THE ACTION**

1.  This lawsuit seeks to recover unpaid overtime wages and other wages for Plaintiff, an Assistant Fiscal Manager and Payroll Manager (collectively, "AFM") who worked for Atrium Center for Rehabilitation and Nursing ("Atrium") at both of their New York locations, including the Brooklyn office located at 630 East 104th Street, Brooklyn, New York 11236, and the Staten Island office located at 200 Lafayette Avenue, Staten Island, New York 10301.

2.  Defendants maintain a policy and practice whereby Plaintiff was not properly compensated in accordance with the Fair Labor Standards Act ("FLSA") and New York Labor

Law ("NYLL").

3. Throughout Plaintiff's employment, Defendants required and/or were aware that Plaintiff was consistently working over 40 hours per week.

4. Throughout Plaintiff's employment, Defendants failed to properly compensate Plaintiff for any overtime hours worked. Rather than pay Plaintiff at time and one-half her regular hourly rate for all hours worked in excess of 40 per workweek, Defendants provided Plaintiff with a fixed annual salary, regardless of the amount of hours she worked each week.

5. As a result, Defendants maintained a policy and practice whereby Plaintiff was not paid overtime wages for all hours worked in excess of 40 per workweek.

6. Throughout Plaintiff's employment, Defendants failed to furnish Plaintiff with proper annual wage notices or accurate wage statements.

7. Plaintiff brings this action on behalf of herself to remedy violations of the wage-and-hour provisions of the Fair Labor Standards Act ("FLSA"), the New York Labor Law ("NYLL") Article 6, §§ 190 *et seq.*, and Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor regulations by Defendants that have deprived Plaintiff of her lawfully earned wages.

## THE PARTIES

**Plaintiff**

**Darlene Fesce**

8. Fesce is an adult individual who is a resident of Brooklyn, New York.

9. Fesce was employed by Defendants as an AFM from on or around April 14, 2011 to July 8, 2015, splitting time at the Brooklyn office and the Staten Island office.

10. Fesce is a covered employee within the meaning of the FLSA and the NYLL.

11. A written consent form for Fesce is being filed with this Complaint.

**Defendants**

12. Defendants have employed and/or jointly employed Plaintiff at all times relevant.

13. Each Defendant has had substantial control over Plaintiff's working conditions, and over the unlawful policies and practices alleged herein.

14. Defendants are part of a single integrated enterprise that has jointly employed Plaintiff at all times relevant.

15. During all relevant times, Defendants' operations have been interrelated and unified.

16. During all relevant times, Atrium has shared a common management, and has been centrally controlled and/or owned by Defendants.

17. During all relevant times, Defendants have centrally controlled the labor relations of Atrium.

18. During all relevant times, Defendants have allowed employees to transfer or be shared by and between all Atrium locations without retraining. In fact, Plaintiff split time working at the Brooklyn location and the Staten Island location.

**River Manor Corp. d/b/a Atrium Center for Rehabilitation and Nursing**

19. Together with the other Defendants, Defendant River Manor Corp. d/b/a Atrium Center for Rehabilitation and Nursing ("River Manor Corp.") has owned and/or operated Atrium during the relevant period.

20. River Manor Corp. is a domestic business corporation organized and existing under the laws of New York.

21. River Manor Corp.'s principal executive office is located at 630 East 104th Street, Brooklyn, New York 11236.

22. River Manor Corp. is a covered employer within the meaning of the FLSA and the NYLL, and, at all times relevant, has employed Plaintiff.

-3-

23. At all relevant times, River Manor Corp. has maintained control, oversight, and direction over Plaintiff, including timekeeping, payroll and other employment practices that applied to her.

24. Upon information and belief, at all relevant times, River Manor Corp.'s annual gross volume of sales made or business done was not less than $500,000.00.

**New Brighton Manor Management Inc.**

25. Together with the other Defendants, Defendant New Brighton Manor Management Inc. ("New Brighton Manor Management") has owned and/or operated Atrium during the relevant period.

26. New Brighton Manor Management is a domestic business corporation organized and existing under the laws of New York.

27. New Brighton Manor Management's principal executive office is located at 200 Lafayette Avenue, Staten Island, New York 10301.

28. New Brighton Manor Management is a covered employer within the meaning of the FLSA and the NYLL, and, at all times relevant, has employed Plaintiff.

29. At all relevant times, New Brighton Manor Management has maintained control, oversight, and direction over Plaintiff, including timekeeping, payroll and other employment practices that applied to her.

30. Upon information and belief, at all relevant times, New Brighton Manor Management's annual gross volume of sales made or business done was not less than $500,000.00.

**River Manor Care Center Inc.**

31. Together with the other Defendants, Defendant River Manor Care Center Inc. ("River Manor Care Center") has owned and/or operated Atrium during the relevant period.

32. River Manor Care Center is a domestic business corporation organized and existing under the laws of New York.

33. River Manor Care Center's principal executive office is located at 611 East 103rd Street, Brooklyn, New York 11236.

34. River Manor Care Center is a covered employer within the meaning of the FLSA and the NYLL, and, at all times relevant, has employed Plaintiff.

35. At all relevant times, River Manor Care Center has maintained control, oversight, and direction over Plaintiff, including timekeeping, payroll and other employment practices that applied to her.

36. Upon information and belief, at all relevant times, River Manor Care Center's annual gross volume of sales made or business done was not less than $500,000.00.

**Staten Island Care Center, LLC**

37. Together with the other Defendants, Defendant Staten Island Care Center, LLC ("Staten Island Care Center") has owned and/or operated Atrium during the relevant period.

38. Staten Island Care Center is a domestic limited liability company organized and existing under the laws of New York.

39. Upon information and belief, Staten Island Care Center's principal executive office is located at 200 Lafayette Avenue, Staten Island, New York 10301.

40. Staten Island Care Center is a covered employer within the meaning of the FLSA and the NYLL, and, at all times relevant, has employed Plaintiff.

41. At all relevant times, Staten Island Care Center has maintained control, oversight, and direction over Plaintiff, including timekeeping, payroll and other employment practices that applied to her.

42. Upon information and belief, at all relevant times, Staten Island Care Center's

annual gross volume of sales made or business done was not less than $500,000.00.

**New Brighton Manor, L.L.C.**

43. Together with the other Defendants, Defendant New Brighton Manor, L.L.C. ("New Brighton Manor") has owned and/or operated Atrium during the relevant period.

44. New Brighton Manor is a domestic limited liability company organized and existing under the laws of New York.

45. New Brighton Manor's principal executive office is located at 200 Lafayette Avenue, Staten Island, New York 10301.

46. New Brighton Manor is a covered employer within the meaning of the FLSA and the NYLL, and, at all times relevant, has employed Plaintiff.

47. At all relevant times, New Brighton Manor has maintained control, oversight, and direction over Plaintiff, including timekeeping, payroll and other employment practices that applied to her.

48. Upon information and belief, at all relevant times, New Brighton Manor's annual gross volume of sales made or business done was not less than $500,000.00.

**Constance Leifer**

49. Upon information and belief, Defendant Constance Leifer ("Leifer") is a resident of the State of New York.

50. At all relevant times, Leifer is the founder, owner, and operator of Atrium.

51. Leifer is listed as the Chief Executive Officer for "RIVER MANOR CORP." and "NEW BRIGHTON MANOR MANAGEMENT INC." on the New York State Department of State Division of Corporations.

52. At all relevant times, Leifer had power over personnel decisions at Atrium, including the power to hire and fire employees, set their wages, and otherwise control the terms

and conditions of their employment.

53. At all relevant times, Leifer had power over payroll decisions at Atrium, including the power to retain time and/or wage records.

54. At all relevant times, Leifer was actively involved in managing the day to day operations of Atrium.

55. At all relevant times, Leifer had the power to stop any illegal pay practices that harmed Plaintiff.

56. At all relevant times, Leifer had the power to transfer the assets and/or liabilities of Atrium.

57. At all relevant times, Leifer had the power to declare bankruptcy on behalf of Atrium.

58. At all relevant times, Leifer had the power to enter into contracts on behalf of Atrium.

59. At all relevant times, Leifer had the power to close, shut down, and/or sell Atrium.

60. Leifer was a covered employer within the meaning of the FLSA and the NYLL, and at all relevant times, employed and/or jointly employed Plaintiff.

## JURISDICTION AND VENUE

61. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337, and jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. 1367.

62. This Court also has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

63. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

64. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## PLAINTIFF'S FACTUAL ALLEGATIONS

65. Consistent with their policies and patterns or practices as described herein, Defendants harmed Plaintiff as follows:

66. Defendants did not pay Fesce the proper overtime wages for all of the time that she was suffered or permitted to work each workweek.

67. During her employment, Fesce generally worked the following scheduled hours, unless she missed time for vacation, sick days or holidays:

> (a) Monday and Tuesday: from approximately 6:30 a.m. to 8:00 p.m.; and
>
> (b) Wednesday through Friday: from approximately 7:00 a.m. to 6:00 p.m. (averaging approximately 57-60 hours per week).

68. Throughout Fesce's employment, Defendants paid her a fixed yearly salary of $45,000, regardless of the amount of hours she worked each workweek.

69. Defendants consistently failed to compensate Fesce with the appropriate overtime compensation – at time and one-half her regular hourly rate – for the hours she worked in excess of 40 per workweek. For example, working five days for approximately 57 hours, Fesce's paystub on 1/15/15 listed only "35.00 Hours" worked, and showed "$874.04" in "EARNINGS" paid at a "REGULAR" rate of "$24.9725" per hour from Defendants. However, Fesce should have been paid $1,635.72, consisting of:

> (a) *Regular weekly earnings*: $24.9725 (rate of pay listed by Defendants) x 40 hours = $998.90; and
>
> (b) *Weekly Overtime compensation* (for hours worked beyond 40): $37.46 ($24.9725 x 1.5) x 17 hours = $636.82.

70. Defendants failed to accurately monitor or record the hours worked and the wages earned by Fesce.

71. Defendants failed to furnish Fesce with proper annual wage notices.

72. Defendants failed to furnish Fesce with accurate wage statements with every payment of wages.

## FIRST CAUSE OF ACTION
### Fair Labor Standards Act – Overtime Wages

73. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

74. Defendants have engaged in a pattern, policy, and practice of violating the FLSA, as detailed in this Complaint.

75. Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).

76. At all times relevant, Plaintiff has been employed by an entity engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. §§ 201 *et seq.*, and/or they have been engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. §§ 201 *et seq.*

77. At all times relevant, Plaintiff was an employee within the meaning of 29 U.S.C. §§ 201 *et seq.*

78. At all times relevant, Defendants have been an employer of Plaintiff, engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 201 *et seq.*

79. The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations, apply to Defendants and protect Plaintiff.

80. Defendants have failed to pay Plaintiff the appropriate overtime premiums – at time and one-half her regular hourly rates – for all hours worked in excess of 40 hours per workweek, as required by the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations.

81. Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants are aware or should have been aware that the practices described in this Complaint were unlawful. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff.

82. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §§ 201 *et seq.*

83. As a result of Defendants' willful violations of the FLSA, Plaintiff has been deprived of overtime compensation in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201 *et seq.*

## SECOND CAUSE OF ACTION
### New York Labor Law – Overtime Wages

84. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

85. Defendants have engaged in a pattern, policy, and practice of violating the NYLL, as detailed in this Complaint.

86. At all times relevant, Plaintiff has been an employee of Defendants, and Defendants have been an employer of Plaintiff within the meaning of the NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

87. At all times relevant, Plaintiff has been covered by the NYLL.

88. The overtime wage provisions of Article 19 of the NYLL and its supporting regulations apply to Defendants, and protect Plaintiff.

89. Defendants have failed to pay Plaintiff the appropriate overtime premiums – at time and one-half her regular hourly rate – for all hours worked in excess of 40 hours per workweek, as required by the NYLL and the supporting New York State Department of Labor Regulations.

90. Defendants have failed to keep, make, preserve, maintain, and furnish accurate records of time worked by Plaintiff.

91. Through their knowing or intentional failure to pay Plaintiff overtime wages for hours worked in excess of 40 hours per workweek, Defendants have willfully violated the NYLL, Article 19, §§ 650 *et seq.* and the supporting New York State Department of Labor Regulations.

92. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover from Defendants her unpaid overtime wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

### THIRD CAUSE OF ACTION
### New York Labor Law – Failure to Provide Annual Wage Notices

93. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

94. Defendants have failed to furnish Plaintiff with proper annual wage notices as required by NYLL, Article 6, § 195(1), in English or in the language identified by each employee as their primary language, at the time of hiring, and on or before February first of each subsequent year of the employee's employment with the employer, a notice containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece,

commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

95. Through their knowing or intentional failure to provide Plaintiff with the proper annual wage notices required by the NYLL, Defendants have violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

96. Due to Defendants' violations of NYLL, Article 6, § 195(1), Plaintiff is entitled to statutory penalties of fifty dollars for each workweek that Defendants failed to provide Plaintiff with proper annual wage notices, or a total of twenty-five hundred dollars, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-b).

## FOURTH CAUSE OF ACTION
### New York Labor Law – Failure to Provide Wage Statements

97. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

98. Defendants have failed to furnish Plaintiff with an accurate statement with every payment of wages as required by NYLL, Article 6, § 195(3), listing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; and the number of regular and overtime hours worked.

99. Through their knowing or intentional failure to provide Plaintiff with the accurate wage statements required by the NYLL, Defendants have violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

100. Due to Defendants' violations of NYLL, Article 6, § 195(3), Plaintiff is entitled to statutory penalties of one hundred dollars for each workweek that Defendants failed to provide Plaintiff with accurate wage statements, or a total of twenty-five hundred dollars, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-d).

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

A. Unpaid overtime wages and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor Regulations;

B. Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under NYLL, Article 6, §§ 190 *et seq.*, NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations;

C. Unpaid overtime pay and liquidated damages permitted by law pursuant to the NYLL and the supporting New York State Department of Labor Regulations;

D. Statutory penalties of fifty dollars for each workweek that Defendants failed to provide Plaintiff with proper annual wage notices, or a total of twenty-five hundred dollars, as provided for by NYLL, Article 6 § 198;

E. Statutory penalties of one hundred dollars for each workweek that Defendants failed to provide Plaintiff with accurate wage statements, or a total of twenty-five hundred dollars, as provided for by NYLL, Article 6 § 198;

F. Pre-judgment interest and post-judgment interest;

G. An injunction requiring Defendants to pay all statutorily required wages and cease the unlawful activity described herein pursuant to the NYLL;

H. Reasonable attorneys' fees and costs of the action; and

I. Such other relief as this Court shall deem just and proper.

Dated: New York, New York
April 11, 2016

Respectfully submitted,

_____
Brian S. Schaffer

**FITAPELLI & SCHAFFER, LLP**
Brian S. Schaffer
Jeffrey H. Dorfman
28 Liberty Street, 25th Floor
New York, New York 10005
Telephone: (212) 300-0375

*Attorneys for Plaintiff*